IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO. 09-CV-05810

ANTONIO GARCIA MARTIN, as Personal
Representative of the Estate of LAUDENCIO
GARCIA MARTIN, Deceased;

ANTONIO GARCIA MARTIN, as Personal
Representative of the Estate of ELENA
GARCIA HERNANDEZ, Deceased;

ANTONIO GARCIA MARTIN, as Personal
Representative of the Estate of CARLOS
GARCIA HERNANDEZ, Deceased;

                          Plaintiffs,

vs-

THE BOEING CO.,
MCDONNELL DOUGLAS CO.,
LEACH INT´L CORP.,
ESTERLINE TECHNOLOGIES CORP.
EATON CORP.,
HONEYWELL INT'L INC.,
and AMETEK INC.,

                          Defendants.
_____ /

## **COMPLAINT FOR WRONGFUL DEATH**

Plaintiffs bring this action against the Defendants and allege as follows:

1. This is an action for damages arising from the crash of a McDonnell Douglas DC-9-82 ("MD 82") aircraft (Registration Number EC-HFP) on August 20, 2008 at Madrid-Barajas Airport, Spain. The aircraft was being operated by Spanair S.A. as flight JK 5022. Spanair flight JK 5022 was also operating as a Star Alliance code-

share flight with Lufthansa as flight LH 2554. Passengers could have Spanair tickets or Lufthansa tickets. The flight took off from Madrid-Barajas Airport in Madrid, Spain with 164 passengers and six crew members on board. Its destination was Las Palmas de Gran Canaria, Canary Islands, Spain, but the aircraft crashed immediately after takeoff and, as a result of the impact on the ground and subsequent fire, 154 individuals were killed and the 18 individuals who survived were seriously injured.

2.      Plaintiffs are the surviving family members and or have received a power of attorney from the surviving family members and heirs of the passengers who perished in the crash. Plaintiffs are or will be appointed Personal Representatives of their respective decedents' estates and or have received a power of attorney from them. Plaintiffs seek to hold Defendants liable for their negligent design, manufacture, operation and/or maintenance of the subject aircraft and its components. Among other defects and unreasonably dangerous conditions, the aircraft took off without having its flaps and slats extended. Flaps and slats are critical devices that add lift to the wings and must be used at takeoff. During the entire takeoff run and until the aircraft was destroyed, the warning horn designed to prevent such accidents did not sound to alert the pilots that the aircraft had an inadequate takeoff configuration because the flaps and slats were not extended and the aircraft plummeted to the ground. The failure to extend the flaps and slats has caused a string of fatal crashes, including two in the U.S.A. in the late 1980's and such incidents continue, despite the knowledge of Defendants that the alarm system designed to alert the pilots of an inadequate takeoff configuration fails to function in certain circumstances.

## **PARTIES**

Plaintiffs

3.      Plaintiff ANTONIO GARCIA MARTIN, who was born on May 26, 1958, is a resident of and citizen of Spain, and was or will be appointed the personal representative of the estate of his brother LAUDENCIO GARCIA MARTIN. Laudencio Garcia Martin was born on March 16, 1956 and died in the crash of JK 5022. He was a resident and citizen of Spain at the time of his death. Plaintiff Antonio Garcia Martin brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Laudencio Garcia Martin, (b) himself, as brother of the decedent, and (c) any other individual entitled to recover under applicable law.

4.      Plaintiff ANTONIO GARCIA MARTIN, who was born on May 26, 1958, is a resident of and citizen of Spain, and was or will be appointed the personal representative of the estate of his niece ELENA GARCIA HERNANDEZ. Elena Garcia Hernandez was born on January 19, 1992 and died in the crash of JK 5022. She was a resident and citizen of Spain at the time of her death. Plaintiff Antonio Garcia Martin brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Elena Garcia Hernandez, (b) himself, as uncle of the decedent, and (c) any other individual entitled to recover under applicable law.

5.      Plaintiff ANTONIO GARCIA MARTIN, who was born on May 26, 1958, is a resident of and citizen of Spain, and was or will be appointed the personal representative of the estate of his nephew CARLOS GARCIA HERNANDEZ. Carlos

Garcia Hernandez was born on August 1, 1994 and died in the crash of JK 5022. He was a resident and citizen of Spain at the time of his death. Plaintiff Antonio Garcia Martin brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of Laudencio Garcia Martin, (b) himself, as uncle of the decedent, and (c) any other individual entitled to recover under applicable law.

Defendants

6. Defendant THE BOEING CO. ("Boeing") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Illinois. At all relevant times, Boeing was doing substantial business in this State and in this County.

7. Defendant MCDONNELL DOUGLAS COMPANY ("McDonnell Douglas") is a corporation organized and existing under the laws of the State of Maryland with its corporate headquarters in Chicago, Illinois. At all relevant times, McDonnell Douglas was doing substantial business in this State and in this County. McDonnell Douglas received FAA type certificate No. A6WE on July 29, 1981 for the subject aircraft and transferred its ownership rights to Boeing on January 30, 1998. McDonnell Douglas designed and manufactured the subject aircraft and its components, including but not limited to, the flaps and flap control system on the subject aircraft.

8. Defendant LEACH INTERNATIONAL CORPORATION ("Leach") is a corporation organized and existing under the laws of Delaware with its principal place of business in Buena Park, Orange County, California. Defendant LEACH manufactured an electronic component module known as a R2.5 relay that was part of the takeoff warning

system ("TOWS").  At all relevant times, Leach was doing sufficient business in this State to submit it to jurisdiction.

9. Defendant ESTERLINE TECHNOLOGIES CORPORATION ("Esterline") is a corporation organized and existing under the laws of Delaware with its principal place of business in Bellevue, Washington.  In or around 2004, Defendant Esterline acquired the assets of Defendant LEACH, and at such time assumed certain liabilities of Defendant Leach, including the liability for any personal injury and wrongful death claims arising out of the design and manufacture of certain Defendant LEACH products, including the R2.5 relay that was part of the takeoff warning system ("TOWS").  At all relevant times, Esterline was doing sufficient business in this State to submit it to jurisdiction.

10. EATON CORPORATION ("Eaton") is a corporation organized and existing under the laws of Ohio with its principal place of business in Cleveland, Ohio. Defendant Eaton designed and manufactured parts that were components and/or parts of the TOWS. At all relevant times, Defendant Eaton was doing sufficient business in this State to submit it to jurisdiction.

11. HONEYWELL INTERNATIONAL INC. ("Honeywell") is a corporation organized and existing under the laws of Delaware with its principal place of business in Morriston, New Jersey. Defendant Honeywell designed and manufactured parts that were components and/or parts of the TOWS. At all relevant times, Defendant Honeywell was doing sufficient business in this State to submit it to jurisdiction.

12. AMETEK, INC. ("Ametek") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Paoli, Pennsylvania.

Defendant Ametek designed and manufactured parts that were components and/or parts of the TOWS. At all relevant times, Defendant Leach was doing sufficient business in this State to submit it to jurisdiction.

## JURISDICTION AND VENUE

13. This court has jurisdiction where the action was removed from state court by Defendants Boeing and McDonnell Douglas who reside in this state, more than 75 people died in the crash and there is diversity between the parties.

14. Venue is proper in that each Defendant is either found in this district or subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

15. Defendant McDonnell Douglas designed and manufactured the subject a MD 82 aircraft (Registration Number EC-HFP). The subject aircraft was a dangerous and deadly instrumentality that possessed the ability to inflict significant harm to persons and property. In or around November 1997, Defendant Boeing acquired the assets of Defendant McDonnell Douglas, and at such time assumed certain liabilities of Defendant McDonnell Douglas, including the liability for any personal injury and wrongful death claims arising out of the design and manufacture of certain Defendant McDonnell Douglas' products, including DC-9-82 (MD-82) model aircraft.

16. Among numerous parts and systems, on its wings, the MD-82 aircraft was designed with three flaps and six slats. Flaps are hinged surfaces on the back, or trailing, end of the aircraft's wing. Slats are hinged surfaces on the front, or leading, edge of the aircraft's wing. Flaps and slats expand the size of the wing, giving the aircraft more lift.

17. In 1987 and 1988, two U.S. crashes that were caused by pilot failures to set the flaps and slats claimed 170 lives.[1] Since then, routine checks were implemented to ensure pilots do not forget the task, but occasionally, distractions foil these protections and only the sound of the no-configuration warning horn during the takeoff sequence alerts the pilots that they must abort the takeoff and so avert a catastrophe. The MD-82 features a Central Aural Warning System ("CAWS") which provides various audible warnings to the crew when certain potentially unsafe conditions, including an inadequate takeoff configuration occurs. The takeoff warning system ("TOWS") is part of CAWS. The TOWS activates a horn and a synthetic voice that identify the devices that are improperly configured for takeoff. It is programmed so that if the throttles are advanced on takeoff, the pilots are alerted if the flaps, slats or other critical components, have been improperly positioned. Should one of these components be configured incorrectly, a synthetic voice will automatically announce them after the horn is sounded.

18. According to the Interim Report of CIAIAC (Ministerio de Fomento Comisión de Investigación de Accidentes e Incidentes de Aviación Civil) the agency investigating the crash, during the entire takeoff run until the end of the Cockpit Voice Recorder ("CVR") recording of the subject crash, no noises were recorded involving the takeoff warning system ("TOWS") advising of an inadequate takeoff configuration. Neither the horn nor the synthetic voice alerted the pilots of an inadequate takeoff configuration that would cause the subject aircraft to stall.

19. During the entire period from engine start-up while parked to the end of the Digital Flight Data Recorder ("DFDR") recording of the subject crash, the values of

---

[1] Northeast Airlines Flight 255 crashed in Detroit in 1987 and Delta Flight 1141 crashed in Dallas/Fort Worth in 1988.

7

the two flap position sensors situated on the wings was at zero degrees. The stall warning stick shaker was activated less than a minute after the crew released the brakes for takeoff and impact on the ground was recorded nine second later.

20. At the time the aircraft left the custody and control of Defendant McDonnell Douglas and or Defendant Boeing, it was defective and unreasonably dangerous in one ore more respects in that the aircraft could take off with an improper configuration without an audible alert from the TOWS system and without warning that the TOWS system was malfunctioning proximately causing the subject aircraft to stall and crash into the terrain, killing or injuring everyone on board.

21. From the time the subject aircraft was originally sold or delivered through the date of the crash, Defendant McDonnell Douglas and/or Defendant Boeing, provided customer support for said aircraft, including alert service bulletins, service bulletins, technical advisories, aircraft parts, engineering and training personnel and other like customer support services. At no time did Defendant McDonnell Douglas and/or Defendant Boeing give any warning of the defective and unreasonable condition of the subject aircraft.

22. Defendants LEACH, ESTERLINE, EATON, HONEYWELL and AMETEK manufactured parts and or component systems incorporated into the subject aircraft and provided support for said aircraft and alert service bulletins, service bulletins, technical advisories, aircraft parts, engineering and training personnel and other like customer support services.

## CAUSES OF ACTION

### Count I
### Product Liability – Wrongful Death
### (against Defendants McDonnell Douglas, Boeing, Leach, Esterline, Eaton, Honeywell and Ametek)

23. Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 22 as though fully set forth in this Count.

24. At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

25. As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

26. The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

27. This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper. Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

**Count II**
**Product Liability - Survival Action**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

28.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 22 as though fully set forth in this Count.

29.     Had Plaintiffs' decedents survived, each of them would have had the right to bring an action for damages arising from the physical, mental and emotional injuries sustained by them prior to their deaths, and such action has survived them.

30.     The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

31.     This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper.  Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

**Count III**
**Negligence - Wrongful Death**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

32.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 22 as though fully set forth in this Count.

33. At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

34. That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

35. As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

36. The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

37. This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper. Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

### Count IV

**Negligence - Survival Action**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

38. Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 22 as though fully set forth in this Count.

39. Had Plaintiffs' decedents survived, each of them would have had the right to bring an action for damages arising from the physical, mental and emotional injuries sustained by them prior to their deaths, and such action has survived them.

40. The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

41. This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper. Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

### Count V

**Breach of Warranty - Wrongful Death**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

42. Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 22 as though fully set forth in this Count.

1

43. Defendants expressly warranted that the subject aircraft was not defective in design, manufacture or assembly and further impliedly warranted that the subject aircraft was merchantable and fit for the particular purpose for which it was used.

44. Defendants breached both its express and implied warranties of merchantability and fitness for a particular purpose in the subject aircraft was defective and unreasonably dangerous as set forth herein above.

45. As a direct and proximate result of one or more of the aforesaid defective and unreasonable dangerous conditions of the subject aircraft, the pilots of the subject aircraft were unable to control the subject aircraft and it crashed, killing or injuring everyone on board.

46. At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

47. That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

48. As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

49. The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

50. This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper. Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

## Count VI

**Breach of Warranty – Survival Action**
**(against Defendants McDonnell Douglas, Boeing,**
**Leach, Esterline, Eaton, Honeywell and Ametek)**

51. Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 22 as though fully set forth in this Count.

52. Defendant expressly warranted that the subject aircraft was not defective in design, manufacture or assembly and further impliedly warranted that the subject aircraft was merchantable and fit for the particular purpose for which it was used.

53. Defendants breached both its express and implied warranties of merchantability and fitness for a particular purpose in the subject aircraft was defective and unreasonably dangerous as set forth herein above.

54. As a direct and proximate result of one or more of the aforesaid defective and unreasonable dangerous conditions of the subject aircraft, the pilots of the subject

aircraft were unable to control the subject aircraft and it crashed, killing everyone on board.

55. At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

56. That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

57. As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

58. The respective Personal Representatives for the estates of Plaintiffs' decedents, and each of them, are or will be duly appointed to represent the estates of the decedents.

59. This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

WHEREFORE, Plaintiffs, and each of them, pray that judgment be entered in their favor and against the defendants for compensatory damages, interest, costs and such other relief as this Court deems proper. Furthermore Plaintiffs demand trial by jury of all the issues triable as of right by jury.

Respectfully submitted,


By: /s/ Enid Duany Mendoza
Lewis S. Eidson
mike@colson.com
Enid Duany Mendoza
enid@colson.com
COLSON HICKS EIDSON
255 Aragon Avenue
Coral Gables, Florida 33134

-and –

Hugh John Totten
Patrick J. Lamb
Shannon P. Bartlett
Valorem Law Group, LLC
35 East Wacker Drive
Suite 2900
Chicago, Illinois 60601


Of counsel:
Manuel R. Ribbeck, Esq.
Monica E. Kelly, Esq.
RIBBECK LAW CHARTERED
Lake Point Tower
Chicago, Illinois 60606
Tel: (312) 332-1908